UNITED LIFE, FIRE AND MARINE CO. *v.* VON BORIES, ETC.

**Appeal—Review—Right to.**

The right to review on appeal is not dependent on a bill of exceptions or a motion for a new trial, where the law and facts were submitted to the chancellor for decision.

**Appeal—Review—Finding of Chancellor.**

Where the parties voluntarily submitted their case to the chancellor, his judgment will be taken as a verdict and will not be refused on account of the evidence in the case for any reason that would not authorize the Court of Appeals to set aside the finding of the jury.

**Insurance—Failure to Produce Books.**

The insured's right of recovery is not affected by its failure to produce its books. where it is shown that the books were destroyed.

**Insurance—Proof of Loss—Waiver.**

Where proof of loss was not made out in exact accordance with the policy, but the insurer did not call upon the insured to correct it, and the insurer retained the proof of loss for three months without objection the insured had the right to conclude that mere formal objection would not be insisted upon.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

April 11, 1873.

OPINION BY JUDGE LINDSAY:

The action so far as the contest between Shea & O'Connell and their creditors, on the one side, and the Insurance Company on the other is concerned, involves none but legal questions. The issues presented are such as ought to be tried by a court of law, and the Chancellor's jurisdiction attached only by reason of the fact that the relief sought against appellant is auxiliary to that sought in the equity suit of *Von Bories & Co. et al. v. Shea & O'Connell.*

Acting upon the idea that appellant was entitled to have the facts involved passed upon by a jury, and recognizing the propriety of the request in its petition for a rehearing filed in this case when it was first passed upon by this court, the question as to the amount of damage Shea & O'Connell sustained by the fact was left open, and the cause remanded with a suggestion to the Chancellor that it would be proper to order an issue out of Chancery for the trial of such questions of fact as he might deem necessary and proper.

The Chancellor accordingly caused parties to be summoned, and when the cause was called for hearing and opportunity was afforded appellant to have its rights passed upon and determined by a jury, in accordance with the rules of practice in courts of law. This right, however, was waived and the law and facts submitted to the chancellor, who was thereby substituted for the jury.

We are not inclined to hold that his judgment cannot be revised, because there is no bill of exceptions in the record, nor because the appellant did not make a motion for a new trial. So far as the first question is concerned this record must be treated as records in other equity cases, and it will not be assumed that other evidence than the depositions and exhibits on file was heard or considered.

As to the second proposition, it has been held by this court that even in ordinary actions it is not necessary to make a motion for a new trial when the law and facts have been submitted to the court.

But, as the parties voluntarily substituted the Chancellor for the jury, his judgment will be treated as a verdict, and will not be reversed on account of the evidence in the case for any reason that would not authorize this court to set aside the finding of a jury.

The proof of loss made out and forwarded to Covington immediately after the fire was not in exact accordance with the requirements of the policy, but the Insurance Company did not call upon the assured to correct it. The agent, Moore, objected to it, but did not point out the particular defects to which he objected, and the company retained it without objection for three months. The retention warranted Shea & O'Connell in concluding the mere formal objections, would not be insisted on.

The failure of the insured to produce their books does not militate against their right to recover. They swear, and the testimony conduces to show, that their books were destroyed by the fire.

The testimony fails to establish a fraudulent combination between Shea & O'Connell and their attaching creditors. Whilst the evidence is conflicting as to the value of the stock of goods on hand at the time the policy of insurance was taken out, as well as at the time of the fire, it preponderates in favor of the conclusion that it was at neither time less than twelve thousand dollars. Appellees' witnesses had certainly enjoyed reasonable opportunities to arrive at conclusions on this subject proximately correct, and they all fix the value of the stock at from twelve to fifteen thousand dollars. The insurance officers and agents having that opinion upon an appraisement made a year before, fix the value of the goods at less than seven thousand dollars. But the appraisers and their clerk demonstrate conclusively that this appraisement embraces but about one-half the goods.

The proof warrants the assumption that the stock of goods at the time of the fire was worth over twelve thousand dollars. Such being the case the judgment appealed from cannot be regarded as for too great an amount. All are of opinion that the judgment of the Chancellor is in accordance with the weight of the evidence, and it is therefore *affirmed*.

*Webster, for appellant.*

*Muir & Bijur, for appellees.*